Filed 5/17/23  P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID ARTHUR MARTINEZ,<br><br>    Defendant and Appellant. | G061873<br><br>(Super. Ct. No. 12ZF0158)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant David Arthur Martinez of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a); count 1)[1] and active participation in a criminal street gang (§ 186.22, subd. (a); count 2). The jury also found true the allegation that count 1 was committed to benefit a criminal street gang. (§186.22, subd. (b)(1).) The court imposed a prison sentence of 25 years to life on count 1 with a 15-year minimum parole eligibility period under section 186.22, subdivision (b)(5). The court further stayed an additional two-year term on count 2 pursuant to section 654. In 2015, another panel of this court affirmed the judgment. (*People v. Martinez* (Feb. 2, 2015, G049337) [nonpub. opn.].)

In February 2022, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2] In his petition, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." (Bold & underlining omitted.)

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

The trial court summarily denied defendant's petition for resentencing. The court concluded defendant was ineligible for relief as a matter of law because he was convicted of conspiracy to commit murder. The court emphasized defendant was never convicted of, or ever charged with, murder, attempted murder, or manslaughter.

Defendant timely filed a notice of appeal. His appointed counsel advised the court he was unable to find an issue to argue on defendant's behalf and requests that we review the entire record. (*People v. Wende* (1979) 25 Cal.3d 436.) Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel also identified two issues to assist in our independent review: (1) whether section 1172.6 should be construed to permit a petition for resentencing from a judgment of conspiracy to commit murder "[i]n light of the express malice element of conspiracy to commit murder, and in light of the Legislature's express intent to abrogate judicially-created theories for imputing malice based on non-life-threatening conduct"; and (2) whether this former legal question is distinct from the issue of whether the record of a petitioner's trial or plea proceeding shows the petitioner's personal malice was found true beyond a reasonable doubt or established by his or her plea. Defendant was given the opportunity to file written argument on his own behalf, but he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's *Wende* brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1).) In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including "the underlying facts as presented in an appellate opinion, the trial evidence, the jury instructions, and closing arguments of counsel." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, defendant's petition is without merit because the record of conviction establishes defendant was not convicted based on felony murder or under a natural and probable consequence theory. He was convicted of conspiracy to commit murder as evidenced by the jury verdict forms, the trial court minutes, and the abstract of judgment. As a matter of law, a defendant convicted of such a crime is not eligible for resentencing under section 1172.6. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34-36; see *People v. Medrano* (2021) 68 Cal.App.5th 177, 183 [conviction of conspiracy to commit murder requires finding of intent to kill].)

Because defendant was *not* convicted based upon felony murder, the natural and probable consequences theory, or other theory under which malice is imputed, as he alleges, relief under section 1172.6 is not available to him.

4

DISPOSITION

The postjudgment order is affirmed.


                                        SANCHEZ, J.

WE CONCUR:


GOETHALS, ACTING P. J.


DELANEY, J.